Citation Nr: 1744013 
Decision Date: 09/19/17 Archive Date: 10/10/17

DOCKET NO. 13-00 573A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUE

Entitlement to service connection for a lower back disorder.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Martha R. Luboch, Associate Counsel


INTRODUCTION

The Veteran had active duty service from August 2002 to August 2007.

These matters come before the Board of Veterans' Appeals (Board) on appeal from a June 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Decatur, Georgia. Jurisdiction of the file is now with the Atlanta RO.

The Veteran testified at a travel Board hearing before the undersigned Veterans Law Judge in January 2017. A transcript of the hearing has been associated with the claims file.

The Board notes that additional evidence has been associated with the claims file since the last issuance of the supplemental statement of the case (SSOC). However, given the completely favorable outcome of the decision below, the Board finds that there is no prejudice to the Veteran in considering this evidence in the first instance.


FINDING OF FACT

Resolving all reasonable doubt in favor of the Veteran, a lumbar spine disability, diagnosed as sacroiliitis and lumbar facet syndrome, is due to service.


CONCLUSION OF LAW

The criteria for service connection for a lumbar spine disability have been met. 38 U.S.C.A. §§ 1101, 1110, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303 (2016).



REASONS AND BASES FOR FINDING AND CONCLUSION

Service connection will be established for disability resulting from personal injury suffered or disease contracted in the line of duty, or from aggravation of a preexisting injury suffered or disease contracted in line of duty. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303. Service connection may be granted for a disability first diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability is due to disease or injury that was incurred or aggravated in service. 38 C.F.R. § 3.303(d). 

Service connection requires evidence of a current disability; in-service incurrence or aggravation of a disease or injury; and a nexus between the claimed in-service disease or injury and the present disease or injury. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004).

In making all determinations, the Board must fully consider the lay assertions of record. A layperson is competent to report on the onset and continuity of his current symptomatology. See Layno v. Brown, 6 Vet. App. 465, 470 (1994) (a veteran is competent to report on that of which he or she has personal knowledge). 

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102. See Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

The Veteran's service treatment records show that he injured his back in service. Specifically, service treatment records from July 2007 note that the Veteran had lower back pain for approximately two years after hyperextending. 

Post-service VA treatment records show that the Veteran consistently reported having chronic back pain.

The Veteran was afforded a VA examination for his back in March 2011. Physical examination was normal with full active range of painless motion and no evidence of spasm, tenderness, abnormal movement, or neurological abnormality. X-rays were normal. The examiner stated that there was no diagnosis for the Veteran's back because there was no pathology to render a diagnosis. 

In July 2011, the Veteran stated that his injury first occurred when he was attending mandatory physical training. He stated that since it was raining outside, he was ordered to stay inside and play dodgeball instead of doing his usual three mile run. While playing dodgeball, he tried to dodge an incoming ball and leaned back toward the left and that is when he first felt the pain in his lower back. He stated it felt like a "small sprang." He sought treatment and was told it was his iliac crest. He was prescribed painkillers and told to stop all physical activities for a few days. Approximately one month later, he went to the emergency room. He had been playing a squadron intramural basketball game and "the pain hit me so hard that night and I had to literally crawl off the basketball court floor." He stated since hurting himself in service, he continues to have pain "from time to time" including when he bends to give his son a bath.

Private treatment records from July 2014 show that the Veteran presented for evaluation of low back and radiating pain. The examiner noted that the Veteran developed low back pain caused from an injury approximately 10 years prior. The low back pain was 10/10 in severity without medication and a 1/10 in severity with medication, and had an aching and dull quality. It also radiated into the left buttock. The examiner noted a diagnosis of sacroiliitis and lumbar facet syndrome.

In a March 2015 statement, the Veteran indicated that he went to a back specialist who told him that his back condition cannot be detected by an X-ray or an MRI. 

The Veteran was afforded another VA examination in February 2016. The examiner opined that "based on information reviewed there is no evidence of any active spine pathology at this time. No service connection can be established at this time."

The Veteran submitted a private medical opinion in February 2017. The examiner stated:

This is a note to confirm that [the Veteran] was seen and evaluated at this office for chronic low back pain. I have reviewed the service treatment records of [the Veteran] and medical history. Patient previously treated by pain specialist for years for chronic back pain diagnosed with lumbar facet syndrome and sacroiliitis. Based on recent history and physical exam with findings consisting of lumbar-sacral tenderness, sacroiliac joint tenderness, and muscle spasms to left lower back, [the Veteran] is diagnosed with chronic lower back pain.

In conclusion, it is my opinion that there is a greater than 50 percent chance that [the Veterans] chronic back pain was caused by his active role that took place during his military service.

The Board resolves all reasonable doubt in the Veteran's favor and finds that service connection for a lower back disability is warranted. 

As for current diagnosis, the Board places great probative weight on the July 2014 private treatment records which indicate that the Veteran has a diagnosis of lumbar facet syndrome and sacroiliitis. While the March 2011 and February 2016 VA examiners found that there were no objective resulting results which supported a diagnosis, the Veteran explained that he was advised by his back specialist that objective testing would not identify the diagnosis. Thus, resolving all reasonable doubt in favor of the Veteran, the Board finds that the Veteran has current diagnoses of lumbar facet syndrome and sacroiliitis. See McClain v. Nicholson, 21 Vet. App. 319, 321 (2007). Thus, the first element of service connection is met.

Further, the Veteran's service treatment records document that he injured his back in service and therefore, the second element of service connection is met.

With regard to whether there is a nexus between the Veteran's currently diagnosed lower back disabilities and service, the Board places great probative weight on the February 2017 private medical opinion. In this opinion, the examiner considered the Veteran's lay statements, reviewed his service treatment records, and provided a clear conclusion with supporting rationale. 

There are no other medical opinions that provided nexus opinions.

Thus, the Board concludes that service connection for chronic back pain diagnosed with sacroiliitis and lumbar facet syndrome, is warranted. See 38 U.S.C.A. § 5107; 38 C.F.R. § 3.302; Gilbert, supra.


ORDER

Entitlement to service connection for chronic back pain diagnosed with sacroiliitis and lumbar facet syndrome is granted.



____________________________________________
MARJORIE A. AUER
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs